IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

| | |
|---|---|
| WILLIAM WATKINS,<br><br>    Plaintiff,<br><br>-against-<br><br>CELLULAR SOUTH, INC. D/B/A C SPIRE WIRELESS,<br><br>    Defendant. | Civil Action No.<br>1:23CV58-SA-DAS<br>CIVIL ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

Plaintiff William Watkins files this Complaint against Defendant Cellular South, Inc. d/b/a C Spire Wireless (hereinafter "C Spire" or "Defendant"). Plaintiff alleges, based on personal knowledge as to Defendant's actions and upon information and belief as to all other matters, as follows:

## I. NATURE OF THE CASE

1. Plaintiff brings this action against Defendant for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681a–1681x.

2. Plaintiff brings this claim against Defendant for knowingly and intentionally procuring his credit report despite having no permissible purpose for accessing such reports.

## II. PARTIES

3. Plaintiff is a "consumer" as protected and defined by the FCRA, and resides in Itawamba County, Mississippi.

4. Defendant Cellular South, Inc. is a technology company incorporated in Mississippi that does business under the name C Spire Wireless, with its principal place of business located at 1018 Highland Colony Pkwy, Ste 330, Ridgeland, MS 39157.

### III. JURISDICTION AND VENUE

5. The Court has federal question jurisdiction under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

6. Venue is proper in this Court because Defendant regularly does business in this district.

### IV. FACTUAL ALLEGATIONS

7. Plaintiff is a former customer of C Spire Wireless.

8. In approximately October of 2020, Plaintiff was notified by C Spire that it was no longer servicing his area, forcing Plaintiff to switch his service to another phone provider.

9. At that time, the Plaintiff paid off his balance with C Spire Wireless, and no longer has any open account or balance with that company.

10. Notwithstanding these facts, on September 13, 2021, Defendant procured the Plaintiff's TransUnion credit report.

11. Permissible purposes for accessing a credit report include, but are not limited to, a person seeking a credit report in connection with a possible credit transaction, employment purposes, servicing of an existing credit obligation, or an otherwise legitimate business need. 15 U.S.C. § 1681b(a)(3)(A), (B), (E) and (F).

12. The Defendant had no permissible purpose for procuring the Plaintiff's credit reports or for viewing the Plaintiff's private, personal and confidential information.

13. As the result of its violations of the FCRA, C Spire is liable to Plaintiff for statutory and punitive damages, as well as attorneys' fees and costs. 15 U.S.C. § 1681n.

14. Defendant's conduct and actions were willful. The language of section 1681b(a) is pellucidly clear and there is no reasonable reading of the statute that could support Defendant's actions. Nonetheless, Defendant willfully, deliberately and intentionally

procured Plaintiff's credit report nearly a year after Plaintiff's relationship with Defendant had ended.

15. This practice violates the fundamental privacy protection afforded consumers under the FCRA and runs counter to longstanding regulatory guidance. The Federal Trade Commission ("FTC") has long held that under section 604(a)(3) of the FCRA (15 U.S.C. § 1681b(a)(3)), "'review' of an account refers to an existing (*i.e.*, open or current) account. *See* FTC letter dated April 29, 1999 to Don Gowen. Because there no longer exists any account to "review" and the consumer is not applying for credit, the FCRA provides no permissible purpose for the creditor to receive a consumer report from a CRA. *See* FTC Advisory Opinion letter dated April 30, 1999 to Kenneth J. Benner.

16. Case law existing prior to and at the time of Defendant's actions described herein served to put Defendant on notice that its actions in accessing a consumer's credit report when the alleged debt was no longer collectible was in violation of the FCRA.[1]

17. By reasons of the clear statutory language, the FTC opinions, the above cases and others construing section 1681b(a)(3) of the FCRA, Defendant had substantial notice that its

---

[1] *See, e.g.*, *Barton v. Ocwen Loan Serv. L.L.C.*, 2012 WL 4449860 (D. Minn. Sept. 26, 2012) (plaintiff stated claim for willful noncompliance where defendant accessed consumer report even after plaintiff repeatedly informed it that her obligation had been discharged in bankruptcy); *Haberman v. PNC Mortg. Co.*, 2012 WL 2921357 (E.D. Tex. July 17, 2012) (denying summary judgment where defendant allegedly obtained consumer report after debt had been discharged in bankruptcy); *Huertas v. Galaxy Asset Mgmt.*, 2010 WL 936450 (D.N.J. Mar. 9, 2010) (granting leave to amend complaint to allege that account had been discharged in bankruptcy eliminating permissible purpose), *aff'd on other grounds*, 641 F.3d 28 (3d Cir. 2011); *Godby v. Wells Fargo Bank*, 599 F. Supp. 2d 934 (S.D. Ohio 2008) (account review was. Not permissible purpose when account discharged in bankruptcy); *Thomas v. U.S. Bank*, 2007 WL 764312 (D. Or. Mar. 8, 2007) (denying summary judgment for bank because of fact issue whether bank knew account was discharged). *See also Orr v. Allied Interstate, Inc.*, 2012 WL 4033721 (N.D.N.Y. Sept. 12, 2012) (FCRA claim was not precluded by the Bankruptcy Code).

conduct violated the FCRA. Further, because the FCRA was enacted in 1970, Defendant has had years to become compliant but has failed to do so.

18. As a result of Defendant's conduct, Plaintiff has suffered concrete injuries. In addition to having his privacy invaded, Plaintiff has had his personal identifying and account-related information unnecessarily disseminated to the Defendant, and, upon information and belief, to their related information sharing affiliates. Defendant has subjected Plaintiff to an increased risk of identity theft and/or a data breach, resulting in consequential anxiety and emotional distress.

19. Defendant, at all times relevant hereto, was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

## V. CAUSE OF ACTION

### COUNT I
### 15 U.S.C. § 1681b(a)

20. Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

21. Defendant is a "person" as defined by sections 1681a(b) of the FCRA.

22. Plaintiff is a "consumer" as defined by section 1681a(c) of the FCRA.

23. The above-mentioned report is a "consumer report" as defined by section 1681a(d) of the FCRA.

24. Section 1681b(f) of the FCRA provides as follows:

A person shall not use or obtain a consumer report for any purpose unless—

> (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

      (2) the purpose is certified in accordance with section with section 1681e of this title by a prospective user of the report through a general or specific certification.

25. Section 1681b(a)(3) of the FCRA provides a list of permissible purposes:

    (a) In general. Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

    ...

    (3) To a person which it has reason to believe—
      (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer;
      ...
      (F) otherwise has a legitimate business need for the information—
        (i) in connection with a business transaction that is initiated by the consumer; or
        (ii) to review an account to determine whether the consumer continues to meet the terms of the account.

26. As detailed above, Defendant obtained the Plaintiff's Transunion credit report on September 13, 2021 without any permissible purpose for obtaining that credit report.

27. Pursuant to section 1681n and 1681o of the FCRA, Defendant is liable for willfully and negligently violating section 1681b(f) by obtaining consumer reports without a permissible purpose.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

A. That judgment be entered in favor of the Plaintiff against Defendant C Spire for statutory damages, actual damages and punitive damages for violation of 15 U.S.C. § 1681b(a), pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

B. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and,

 C. That the Court grant such other and further relief as may be just and proper, including but not limited to any equitable relief that may be permitted.

THIS, the 12th day of April, 2023.

                */s/ Christopher E. Kittell*  .
                CHRISTOPHER E. KITTELL
                Kittell Law Firm
                P.O. Box 568
                283 Losher Street, Suite B
                Hernando, MS 38632
                Phone: (662) 298-3456
                Email: ckittell@kittell-law.com
                Attorney for Plaintiff